IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHN J. KOHOUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE SHERWIN-WILLIAMS COMPANY, ) | |
| ) | Civil Action No.: |
| Defendant. ) | 5:14-cv-878-FL |
| ) | |

<u>CONSENT JUDGMENT AND CONSENT ORDER</u>

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement asking the Court to approve the settlement agreement executed by Plaintiff John J. Kohout and Defendant The Sherwin-Williams Company with respect to plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 asserted in this case.

This is an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. Plaintiff alleges that the defendant regularly employed him for in excess of 40 hours in the same workweek in the four (4) workweeks from December 15, 2012 through January 12, 2013 as part of their enterprise engaged in interstate commerce to sell paint and other paint-related products and services to various customers both within and without North Carolina.

The allegations of the complaint essentially allege that the defendant violated the rights of the Plaintiff under the FLSA by failing to pay him at the overtime wage rate required by 29 U.S.C.

1

§ 207(a)(1) under the FLSA during those same four (4) workweeks. The defendant denies any such wages were due and contends, among other things, that the plaintiff was employed in a bona fide executive capacity under 29 U.S.C. § 213(a)(1) and was thus exempt from any overtime wage rate requirement under the FLSA.

The defendant The Sherwin-Williams Company has at all times denied, and continues to deny, any violation of the FLSA. In addition, nothing in this consent order or in the settlement of this action should be construed as an admission or finding of any violation of the Act or wrongdoing of any kind or nature by this same defendant, and that therefore, upon the date that final payment is made and all other actions specified in this Consent Judgment and Consent Order are taken in compliance with its terms by the Defendant, Plaintiff, for himself, his heirs, representatives, successors and assigns, does and will hereby irrevocably and unconditionally release, acquit and forever discharge the Defendant, Defendant's past, present and future parent companies, subsidiaries, affiliates, related companies and partnerships, as well as each of their officers, directors, employees, agents, attorneys, representatives, successors, assigns and insurers, both individually and in their corporate capacities (hereinafter collectively referred to as the "Released Parties"), from any and all claims, complaints, demands, damages, penalties, costs, attorneys' fees or causes of action, suits and liabilities arising at any time up to and including the date of

2

this Consent Judgment and Consent Order, including but not limited to claims arising from or otherwise relating to Plaintiff's employment or separation from employment with any of the Released Parties. This release includes any and all claims, demands, grievances, causes of action, lawsuits and liabilities of every kind, character, and description whatsoever, both legal and equitable, under federal or state statutes or common law, whether known or unknown, foreseen or unforeseen, and whether asserted or not, including but not limited to claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*, the Americans with Disabilities Act of 1990, as amended, and claims under federal or North Carolina statutes or common law, and includes but is not limited to claims for compensatory damages, punitive damages, liquidated damages, treble damages, back pay, front pay, emotional distress, attorneys' fees, expenses and costs. This release specifically includes but is not limited to those claims which were or could have been raised in this lawsuit. This Agreement is not intended to waive any claims that may arise after the date of this Consent Judgment and Consent Order is filed by the Court, nor is it intended to waive any claims not subject to release.

    The plaintiff and defendant The Sherwin-Williams Company have decided to enter into this consent order and to settle the plaintiff's claim and potential claims against defendant The

Sherwin-Williams Company in this case in an effort to avoid further protracted and costly litigation.

To that end, the plaintiff and defendant The Sherwin-Williams Company have mutually stipulated to the entry of this Consent Order, and the Court, therefore, upon consideration of the record herein and being fully advised of the premises,

ORDERS and DECREES:

(1) The parties have waived findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

(2) The Court finds that the terms of the Settlement Agreement that is documented in their Joint Motion that the parties have filed with the Court is a fair and reasonable resolution of a bona fide FLSA dispute, and that the relief requested in the Joint Motion for Approval of Settlement Agreement is appropriate.

(3) The Settlement Agreement is therefore APPROVED.

(4) By consent of the plaintiff John J. Kohout and defendant The Sherwin-Williams Company, the terms of this Consent Order shall be subject to enforcement by any person(s) who would receive any benefit from a full and complete execution of its terms.

(5) Defendant The Sherwin-Williams Company is and shall be liable and shall pay the plaintiff or the plaintiff's counsel a total of Ten Thousand Five Hundred and no cents ($10,500.00) to

4

the following persons pursuant to the following payment schedule:

(A) Within thirty (30) days of the date that the Court files this Consent Order, defendant The Sherwin Williams Company shall pay a total of $5,000.00 to plaintiff John J. Kohout. Defendant shall make payment of this amount to plaintiff's counsel at the Raleigh, North Carolina office of plaintiff's counsel. For tax purposes fifty percent (50%) of that payment shall be treated as wages, and Defendant will take normal and ordinary payroll withholdings from that payment amount. The remaining fifty percent (50%) shall be paid without withholding and treated as payment of liquidated damages under 29 U.S.C. § 216(b).

(B) Within thirty (30) days of the date that the Court files this Consent Order, defendant The Sherwin-Williams Company shall pay a total of $5,500.00 to plaintiff's counsel, the Law Office of Robert J. Willis, P.A. Defendants shall make payment of this amount to plaintiff's counsel at the Raleigh, North Carolina office of plaintiff's counsel.

The parties to this action agree and stipulate that this Consent Order resolves all matters between Defendant The Sherwin Williams Company and plaintiff John J. Kohout that are alleged in the plaintiff's Complaint that was filed in the above-captioned action, and the plaintiff's claims against defendant The Sherwin-Williams Company is dismissed with prejudice. However, the Court shall retain jurisdiction over this action to the extent necessary to enforce the provisions of paragraphs (5)(A)-(B) above

of this Consent Judgment and Consent Order.

This the  14th  day of                     April , 2015.

_____
U.S. District Court Judge